# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:26-cv-01829-SBP

EDWARD NKUGWA KIRONDE
NALWAMBA,

      Petitioner,

v.

JUAN BALTAZAR, GEORGE VALDEZ,
MARKWAYNE MULLIN, TODD LYONS,
and TODD BLANCHE,

      Respondents.

---

## ORDER FOR ADDITIONAL BRIEFING

---

**Susan Prose, United Magistrate Judge**

This matter is before this court following Edward Nkugwa Kironde Nalwamba's ("Petitioner") First Application for Writ of Habeas Corpus (ECF No. 1) and Juan Baltazar, George Valdez,[1] Markwayne Mullin, Todd Lyons, and Todd Blanche's (collectively, "Respondents") Answer to Complaint (ECF No. 9). All parties have consented for the undersigned to conduct all proceedings in this action. *See* ECF No. 7.

The parties appear to agree that: (1) Petitioner is currently detained pursuant to 8 U.S.C. §1231(a)(6); (2) Petitioner initially became subject to a final order of removal on October 24, 2005, which ICE then determined was appropriate for enforcement on September 18, 2025 during his arrest and subsequent release revocation and Alternatives to Detention program termination; (3) the ninety-day removal period provided for under 8 U.S.C. § 1231 has since concluded; and (4) Petitioner has been detained for approximately 265 days as of the date of this

---

[1] George Valdez has been substituted in this action for Robert Hagan pursuant to Federal Rule of Civil Procedure 25(d). *See* ECF No. 9 at 1.

Order, since his final removal order was deemed enforceable. The parties also agree that pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001), despite the ninety-day removal period provided for under 8 U.S.C. § 1231, detention of a noncitizen for up to six months under 8 U.S.C. § 1231 is "presumptively reasonable." *Id.* at 700-01. And the parties further agree that after six months, if "the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the [g]overnment must respond with evidence sufficient to rebut that showing." *Id.* at 701. If not, the noncitizen must be released.

The court finds that Petitioner has provided good reason to believe that there is no significant likelihood he will be removed in the reasonably foreseeable future. As Petitioner asserts, and Respondents seemingly acknowledge, Petitioner has not been removed to his home country of origin, Uganda. *See, e.g., Aguilar v. Noem*, 25-cv-03463-NYW, 2025 WL 3514282, at *4 (D. Colo. Dec. 8, 2025) (noting that courts have found petitioners' burdens to be satisfied "where, for example, a habeas petitioner shows that come impediment precludes removal to their country of origin" and collecting cases). Petitioner argues that "ICE has been unable to remove [him] since 2011 and has given him no indication that anything has recently changed." ECF No. 1 at 9. Respondents note that removal was attempted as early as November 17, 2010, "[b]ut while Petitioner was detained, Petitioner refused several times to complete a travel-document application." ECF No. 9 at 3 (citing ECF No. 9-1 at ¶¶ 18-22). Respondents assert that Petitioner has not been removed to his home country of Uganda since his September 2025 detainment because "[a]lthough ICE was prepared to remove Petitioner through a charter flight in December 2025, ICE determined that no charter flights were scheduled for Uganda." *Id.* at 7. Respondents further assert that "[i]n early February 2026, a completed travel-document package was submitted on Petitioner's behalf so that he can be removed by commercial flight, rather than chartered flight, to Uganda," which they contend will result in removal to his home country of Uganda once such documents are received. *Id.* However, Respondents have not provided a timeline for the receipt of those documents, and it is unclear when such removal will actually take place.

Having reviewed and considered the briefing already submitted by the parties, the court respectfully finds it necessary to require additional briefing on the issue of whether there is a

significant likelihood that Petitioner will be removed in the reasonably foreseeable future following the February 2026 submission of Petitioner's completed travel-document package. Additionally, Petitioner is to address whether he has administratively exhausted his claim, as he fails to do so in his Petition (ECF No. 1). *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) ("The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief."). Accordingly, by **no later than 5:00 p.m. on June 15, 2026**, the court **ORDERS** the parties to file supplemental briefing on these issues on the docket in this matter. The parties need not confer and may file their supplemental briefs separately. Absent exceptional circumstances, no extensions will be granted.

IT IS SO ORDERED.

DATED:  June 10, 2026                                          BY THE COURT:

_____

Susan Prose
United States Magistrate Judge

3